**RECEIVED**

**OCT 1 0 2025** MM

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

## IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF NORTH CAROLINA

|  |  |  |
|---|---|---|
| GILBERT BRYAN | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 5:25-cv-00578-M-BM |
| | ) | |
| Equifax Information Services LLC | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT EQUIFAX'S MOTION TO DISMISS

### INTRODUCTION

Plaintiff, Gilbert Bryan, opposes Equifax Information Services LLC's ("Equifax") Motion to Dismiss, which rests solely on the bare allegation that Plaintiff's documents and evidence are fraudulent. Not only does Equifax fail to provide any substantive evidence for this accusation, but it also entirely ignores the detailed statutory violations and factual allegations presented in Plaintiff's underlying complaint and Affidavit of Identity.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's complaint and exhibits show multiple, specific disputes regarding fraudulent accounts and the ongoing erroneous reporting of discharged debts, contrary to the requirements of the FCRA and the Bankruptcy Code. Equifax was repeatedly notified through formal CFPB

complaints, certified mail, and direct affidavit evidence (see Exhibit 1 attached to this Memorandum).

## I. EQUIFAX'S SOLE FRAUD ARGUMENT IS UNSUPPORTED

Fraud, as recognized in federal law, requires a deliberate act of deception, intended to secure unlawful or unfair advantage. Equifax has offered no specific evidence or factual basis in support of its fraud claim. This falls short both legally and procedurally. Plaintiff's Affidavit of Identity (see Exhibit 1 attached to this Memorandum), submitted under penalty of perjury and incorporating official government documents, establishes Plaintiff's true identity, residency, and lawful standing. Use of a mail forwarding address is a routine measure for personal security and has no legal effect on the authenticity of Plaintiff's filings or claim for relief.

## II. LEGAL BASIS THAT BANKRUPTCY DISCHARGE NEED NOT BE CONFIRMED ONLY THROUGH COURT SEARCHES

Equifax's assertion that only bankruptcy court orders found in public systems constitute valid evidence of discharge is inaccurate and inconsistent with the Bankruptcy Code. There is no language anywhere in the Bankruptcy Code requiring that a discharge only be recognized if confirmed through a particular PACER search or public docket. Valid discharges—whether proven by a court-issued certificate or supporting IRS 1099-C—are entitled to full recognition under law, irrespective of Equifax's chosen evidentiary demands.

## III. THE EXCLUSIVE FEDERAL POWER OVER BANKRUPTCY

Article I, Section 8 of the U.S. Constitution assigns exclusive power over bankruptcy to Congress, thereby precluding any private party or state from infringing, limiting, or negating federally authorized bankruptcy relief. Equifax's attempt to substitute its own criteria for discharge recognition is impermissible and legally void.

## IV. PLAINTIFF'S GOOD FAITH AND DUE PROCESS

Plaintiff has provided repeated notices, formal disputes, a sworn Affidavit of Identity (see Exhibit 1 attached to this Memorandum), government exhibits, and consistent factual statements to Equifax, all establishing good faith and cooperative intent. Equifax's refusal to address substantive allegations, such as violations of 15 U.S.C. §§ 1681i and 1681c-2, and bankruptcy protections under 11 U.S.C. § 524(a)(2) and § 525(a), demonstrates not only noncompliance, but also a willful evasion of statutory fact-finding requirements.

## V. THE ATTACHED AFFIDAVIT OF IDENTITY

The attached Affidavit of Identity (see Exhibit 1 attached to this Memorandum), executed under penalty of perjury, affirms Plaintiff's identity and documents facts underlying identity theft, fraudulent account origination, and a demand for strict proof and enhanced verification (control number from Social Security card, actual signature authority, and authenticated documentation) for all disputed accounts. This Sworn Affidavit constitutes direct evidence suitable for consideration in evaluating the sufficiency of the pleadings, as it goes well beyond mere conclusory allegations.

## VI. REQUEST FOR DISCOVERY

Should the Court find any part of Plaintiff's claim lacking in factual specificity (which Plaintiff respectfully contests), Plaintiff moves, in the alternative to outright denial of dismissal, for narrowly tailored discovery. Discovery is especially justified to obtain:

1. The origin and processing of any evidence Equifax used to allege fraud,

2. The full record of reinvestigation, including notes, evidence, and communications relied upon by Equifax to "verify" disputed items;

3. All method-of-verification documentation responsive to Plaintiff's certified written request under §1681i;

4. Certification of all actions taken by Equifax in response to each formal dispute (including explanations for why fraudulent or discharged accounts were not deleted);

5. The nine-digit control number (found on the reverse side of the Plaintiff's/Affiant's Social Security card) as evidence of its lawful authority to use the Plaintiff's/Affiant's Social Security Number (SSN) in any financial transaction or credit reporting matter.

## VII. LEGAL SUFFICIENCY AND PLEADER'S RIGHTS

Case law is clear that, especially where a pro se litigant presents articulated factual claims—including, as here, sworn affidavit evidence and credible documentary exhibits—courts should not grant dismissal unless "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim." Discovery is, in any event, appropriate to clarify any factual/evidentiary deficiency not cured by the pleadings and exhibits already presented.

## VIII. CONTINUED INACTION AND RESULTING FINANCIAL HARDSHIP

Equifax's ongoing failure to abide by federal statutes—including its obligations to timely reinvestigate (§1681i), block fraudulent accounts (§1681c-2), and correct bankruptcy-discharged debts—has directly and foreseeably caused Plaintiff substantial financial hardship. Plaintiff has been denied approval for a vehicle loan, rejected for apartment rental applications, and unable to obtain a credit card, among other opportunities. Courts routinely recognize that the FCRA protects consumers from precisely these types of tangible economic injuries and loss of economic opportunities due to noncompliance with credit reporting laws.

## IX. CONCLUSION

Equifax's Motion to Dismiss is based solely on unsupported allegations, disregards the Affidavit of Identity and attached exhibits, and ignores the plain requirements of federal law. Dismissal is

improper at this stage where Plaintiff has presented sworn facts and legal documents showing both a plausible claim and legal entitlement to relief.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

1. Deny Equifax's Motion to Dismiss in its entirety,

2. Order Equifax to comply with all federal statutory obligations, and

3. Grant such further relief as is just and proper, including limited discovery if deemed necessary.

Respectfully submitted,

Gilbert Bryan

DATE: October 6, 2025

*/s/ GILBERT BRYAN*
Gilbert Bryan
Plaintiff, Pro Se
5506 Dodge Drive
Fayetteville, NC 28314
gbryan115@gmail.com
(910) 257-7828