IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GILBERT BRYAN,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX, INC.,<br><br>Defendant. | Case No. 5:25-cv-00578-M-BM<br><br>**RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM AND RECOMMENDATION** |

Defendant, Equifax Information Services LLC ("Equifax"), incorrectly identified as "Equifax, Inc.," hereby files its Response to Plaintiff's Objections (Doc. 20) to the Magistrate Judge's Memorandum and Recommendation, (Doc. 19). In support of Equifax's Response, it shows the Court as follows:

## ARGUMENT AND CITATION TO AUTHORITY

### 1. Plaintiff's Objections Are Untimely, And, Therefore, Are Waived

Pursuant to the Magistrate's August 14, 2026 Memorandum and Recommendation, Plaintiff was required to "file" his written objections by August 27, 2026. (Doc. 19, at 32.) The Memorandum and Recommendation specifically cautioned that if a party did not "file" written objections "by the foregoing deadline" that party "will be giving up the right to review of the Memorandum and Recommendation." (*Id.*) Plaintiff's objections were not received by the Clerk of Court until August 31, 2026. (*See* Doc. 20-1.) Under this Court's Local Rules, "[a] document filed in paper form shall be deemed filed on the date it is received by the clerk except that for incarcerated unrepresented persons a document filed in paper form is deemed filed on the date that it is deposited in the institution's mailing system." Local Civil Rule 5.1(f). Plaintiff is not

incarcerated, and, therefore, his Objections were not deemed filed until August 31, 2026—four days past the deadline. As such, they are untimely, and, therefore, waived. This Court should affirm the Magistrate's Memorandum and Recommendation without consideration of Plaintiff's Objections.

**2. Plaintiff's FCRA § 1681i(a)(7) Claim Is Futile**

Even if the Court reviews Plaintiff's Objections, the Magistrate's Memorandum and Recommendation should be affirmed. Plaintiff's sole argument regarding the Magistrate's recommendation that his claims be dismissed is that he should be permitted to proceed on a single claim for purported violation of 15 U.S.C. § 1681i(a)(7), which allows a consumer to request a description of the procedure used to reinvestigate a direct dispute under 15 U.S.C. § 1681i(a)(1). The Magistrate correctly concluded that Plaintiff's "Method of Verification" claim was futile because his only alleged direct contacts with Equifax did not include such a request. Additionally, Equifax observes that an FCRA § 1681i(a)(7) claim is moot where there is no viable underlying claim of inaccuracy.

A. Complaints Routed Through The CFPB Do Not Trigger § 1681i

FCRA § 1681i(a)(1) requires a consumer reporting agency to reinvestigate a consumer's dispute of information in their credit file if the consumer "notifies the agency directly" of such dispute. 15 U.S.C. § 1681i(a)(1)(A). The only exception to the direct notification requirement is for disputes submitted "indirectly through a reseller."[1] *Id.* Consumer complaints routed through the Consumer Financial Protection Bureau ("CFPB") do not trigger § 1681i. *See Waller v. Experian Info. Sols., Inc.*, No. 23-cv-1960, 2024 WL 3555344, at *5 (D. Md. Jul. 24, 2024).

[1] A reseller is a specialty CRA that does not maintain its own credit files, and, instead, repackages information obtained from other CRAs, usually for a specific industry such as the mortgage industry. *See* 15 U.S.C. § 1681a(u).

Similar to § 1681i(a)(1)(A)'s direct notification requirement, § 1681i(a)(7) requires a consumer reporting agency to provide a description of the procedures used to reinvestigate within 15 days of a request "from the consumer." 15 U.S.C. § 1681i(a)(7). Plaintiff's alleged "Method of Verification" request was sent via the CFBP; it did not come "from the consumer." As such, Plaintiff cannot plausibly allege a violation of § 1681i(a)(7).

B. Without A Viable Claim Of Inaccuracy, An FCRA § 1681i(a)(7) Claim Is Moot

Moreover, Plaintiff's putative § 1681i(a)(7) claim is simply moot, given that there is no viable underlying claim of inaccuracy. In his Objections, Plaintiff explicitly states that he "understands the Court's concerns" regarding his claims of inaccuracy and "does not seek through these objections to relitigate" those issues. (Doc. 20, at 2.) Rather, he avers only that "[t]he Method-of-Verification issue presents a narrower question" and the majority of his Objections consist of his argument that his FCRA § 1681i(a)(7) claim be allowed to proceed. However, because Plaintiff makes no viable claim of inaccuracy, his FCRA § 1681i(a)(7) claim necessarily fails. *See Thomas v. Hyundai Capital America*, No. 18-cv-01438, 2018 WL 4899074, at *5 (D. Colo. Oct. 9, 2018) ("Because Plaintiff has not sufficiently alleged that the Equifax Defendants' report contained inaccurate information, he has also failed to adequately allege a necessary element for the § 1681i(a)(7) claim requiring a description of the procedure used."); *Washington v. Equifax*, No. 19-cv-00154, 2019 WL 3366113, at *3 (M.D. Tenn. May 2, 2019) ("Mr. Washington's allegations regarding the presence of an undisputed bankruptcy on his credit report do not state a claim for which relief can be granted under 15 U.S.C. § 1681i(a)(7)."); *Harris v. TransUnion, LLC*, No. 25-cv-192, 2025 WL 3306434, at *4 (N.D. Ga. Oct. 20, 2025) (finding that a plaintiff's claims under "§§ 1681e(b), 1681i(a)(1), 1681i(a)(5), 1681i(a)(5)(A), ***and 1681i(a)(7)*** of the FCRA are Futile" where Plaintiff failed "to allege any inaccuracy") (emphasis added).

## CONCLUSION

For the reasons set forth herein, Equifax respectfully requests the Court adopt the Magistrate's Memorandum and Recommendation, dismiss Plaintiff's Complaint, and grant all other relief as the Court deems appropriate.

DATED: September 1, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Vincent Smolczynski*

Vincent Smolczynski
vsmolczynski@seyfarth.com
SEYFARTH SHAW LLP
300 S. Tryon Street
Suite 400
Charlotte, North Carolina 28202
Telephone: (704) 925-6043
Facsimile: (312) 460-7000

*Counsel for Defendant*
*Equifax Information Services LLC, incorrectly identified as Equifax, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2026, I presented the foregoing RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S MEMORANDUM AND RECOMMENDATION with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record and *Pro Se* Plaintiff.

*/s/ Vincent Smolczynski*
Vincent Smolczynski
*Counsel for Defendant*
*Equifax Information Services LLC, incorrectly identified as Equifax, Inc.*