IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CASE NO. 5:25-CV-00578-M-BM

| | | |
|---|---|---|
| GILBERT BRYAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| EQUIFAX, INC. | ) | |
| Defendant. | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") from United States Magistrate Judge Brian S. Meyers [DE 19]. The M&R recommends this court do the following: (i) deny without prejudice the motion by Equifax[1] ("Defendant") to dismiss for fraud on the court [DE 4]; (ii) order Plaintiff Gilbert Bryan ("Plaintiff") to show cause in written briefing why he should not be sanctioned; (iii) *sua sponte* dismiss Plaintiff's complaint as frivolous and for failure to state a claim; and (iv) deny as moot Plaintiff's motion to deny Defendant's motion to dismiss [DE 14] and motion for status conference [DE 18].

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If the parties object to any portions of the M&R, the court reviews those contested portions *de novo*. *Id.* § 636(b)(1)(C). The court reviews uncontested portions of the M&R for clear error and need not give any explanation for adopting them. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

[1] Plaintiff named "Equifax, Inc." as the defendant. DE 1-3 at 10. Equifax notes that the correct name is Equifax Information Services LLC. DE 4 at 1.

(4th Cir. 2005) (citing 28 U.S.C. § 636(b)(1)); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

A district court is "under no obligation to consider" untimely objections. *Darby v. South Carolina*, 355 Fed. App'x 751, 751 (4th Cir. 2009). Filing objections past the fourteen-day deadline in 28 U.S.C. § 636(b)(1)(C) has the same effect as not objecting at all. *See*, *e.g.*, *Kirby v. Gen. Elec. Co.*, 2000 WL 33917974, at *3 (4th Cir. February 9, 2000) ("Plaintiffs have waived their right to a *de novo* review of the Memorandum and Recommendation by filing objections that are clearly untimely."); *McKinnon v. Haynes*, 2009 WL 1767735, at *1 (4th Cir. June 17, 2009) ("failure to file timely objections permits review of the report and recommendation under a clearly erroneous standard") (citing *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988)). Under this court's Local Rules, a document "filed in paper form shall be deemed filed on the date it is received by the clerk." E.D.N.C. Civ. R. 5.1(f).

Here, the deadline to object to the M&R was August 27, 2026. DE 19. The clerk received Plaintiff's objections four days late on August 31, 2026. DE 20-1. Because Plaintiff has forfeited *de novo* review of any findings in the M&R, the court reviews for clear error.

The court finds no clear error in the M&R after careful review. The court ADOPTS the following recommendations and rules accordingly: (i) Plaintiff's complaint is DISMISSED as frivolous and for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure; (ii) Plaintiff's motion to deny Defendant's motion to dismiss [DE 14] and motion for status conference [DE 18] are DENIED AS MOOT; (iii) Defendant's motion to dismiss for fraud on the court [DE 4] is DENIED WITHOUT PREJUDICE, given the above rulings.

The court also notes that Plaintiff signed and filed several documents "verifying" bankruptcy in this matter. DE 1-3 at 26, 32–43. These included IRS Form 1099-Cs listing Plaintiff

as the "creditor" and various financial institutions as his "debtors," and several "certificates of discharge" of Plaintiff's "consumer debt." *See*, *e.g.*, *id.* at 31, 34–35.

This court takes judicial notice of the U.S. Bankruptcy Court for the Eastern District of North Carolina docket and observes that no person with Plaintiff's name has made any filings there as of the date of this order.[2] Despite this, the six "certificates" of discharge, filed and signed by Plaintiff, were written on U.S. Bankruptcy Court for the Eastern District of North Carolina letterhead. Though Defendant's motion to dismiss for fraud on the court is denied as premature, the court agrees with the M&R that these documents had no factual basis.

SO ORDERED this 29th day of September, 2026.

Richard E Myers II

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) ("federal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").